IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   HEATHER MACY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | 4:20-cv-00658-TCK-JFJ |
| (1)   BAN NH, LLC, | ) | |
| (2)   BETTY ANN NURSING CENTER, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, HEATHER MACY, brings her Complaint and Demand for Jury Trial against Defendants, BAN NH, LLC and BETTY ANN NURSING CENTER, and for cause of action would show the Court as follows:

**NATURE OF CLAIM**

1.1   This jury action seeks redress for Defendants' violations of the laws of the United States in connection with Plaintiff's employment by Defendants and termination therefrom.  This action seeks to enforce the rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, et. seq. and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq*. and the Oklahoma Anti-Discrimination Act ("OADA") 25 O.S. § 1101 *et. seq*.   As redress for Defendants' violation of Title VII and OADA, Plaintiff prays for and demands declaratory, equitable and legal relief, including compensatory damages, punitive damages, liquidated damages, damages for emotional distress and

attorney fees and costs in an amount, which will be established at the trial of this cause. As redress for Defendants' violation of the FMLA Plaintiff prays for and demands declaratory, equitable and legal relief, including compensatory damages, liquidated damages and attorney fees and costs in an amount which will be established at the trial of this cause.

## JURISDICTION AND VENUE

2.1   This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C § 2000e-5(f)(3) and 28 U.S.C. § § 1331 and 2001.

2.2   This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.3   At all times material to this action, Plaintiff was an employee who had been employed for at least 12 months by Defendants and worked for at least 1,250 hours of service with Defendants during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.4   Plaintiff was an "employee" of Defendants, and Defendants were the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.5   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this

Court and because Defendants reside within the judicial district of this Court within the meaning of 28 U.S.C. § 1392(b)(1) and (c).

2.6    This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claims.

2.7    On March 20, 2020 Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission.  A Notice of Right to Sue was then issued by the U.S. Equal Employment Opportunity Commission dated September 24, 2020.  This lawsuit was filed within 90 days of receipt of the notice.

## PARTIES

3.1    Plaintiff is a female citizen of the United States and a resident of Delaware County, Oklahoma.

3.2    Defendant BAN NH, LLC is a foreign limited liability corporation licensed to do business in the State of Oklahoma and process may be served upon its duly authorized agent:  The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK  73128.

3.3    Defendant Betty Ann Nursing Center is a licensed nursing operating under the same name and is not registered with the Oklahoma Secretary of State.  Process may be served upon its managing agent at its place of business:  1400 S. Main, Grove, OK. 74344.

3.4    Defendants are an "integrated" enterprise and are "joint" or single employers of Plaintiff.   Based upon information and belief, Defendant BAN NH,

LLC issued to Plaintiff her paystub and owns and operates multiple nursing and care facilities, including Defendant Betty Ann Nursing Center, the facility in which Plaintiff worked.

## BACKGROUND

**Plaintiff's Employment History**

4.1 Plaintiff initially began working at the Betty Ann Nursing Center in 2013 as a Nurse.

4.2 At all relevant times, Defendants owned and operated the Betty Ann Nursing Center.

4.3 Plaintiff was later promoted to Director of Nursing at the facility.

4.4 After Defendant BAN NH, LLC acquired ownership and management of Defendant Betty Ann Nursing Center, Defendants never issued to Plaintiff an Employee Handbook.

4.5 Plaintiff always met or exceeded her employment performance expectations and had never been disciplined. Her immediate supervisor was Lisa Slayton, Administrator.

**Approved FMLA Leave for Adoption**

4.6 In 2019 and while employed by Defendants, Plaintiff arranged for the adoption of a child to begin upon delivery at the hospital.

4.7 After Cheryl Nichols, Director of Operations, learned that Plaintiff would be adopting a baby, Ms. Nichols showed hostility and expressed displeasure toward Plaintiff's decision to adopt a child.

4.8    After Plaintiff learned of approval for her adoption, Plaintiff requested and received approved leave from Defendants to begin upon delivery of the child. The leave was related to providing care and for bonding with the adopted newborn.

4.9    Prior to and during her leave, Defendants never advised Plaintiff of eligibility to take FMLA leave for leave due to adoption of her child.

4.10    Prior to and during her leave, Defendants never designated or gave notice of designation of her leave due to adoption of her child under the FMLA.

4.11    On December 27, 2019 Plaintiff began approved FMLA qualified leave for her adopted child. Plaintiff had arranged with Defendants to return from adoption leave on February 3, 2020.

**Termination During FMLA Qualified Leave after 6 Years of Service**

4.12    On or about January 10, 2019 and during approved adoption leave, Nichols, Director of Operations, terminated Plaintiff's employment over the telephone.

### COUNT I:  Title VII of the Civil Rights Act of 1964 and OADA
### (Sex Discrimination in Employment)

5.1    Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 4.12 of the Original Complaint.

5.2    At all times material to this cause of action, Defendants have continuously been and are employers "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and have

each continuously employed fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3   At all times material to this cause of action, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f).

5.4   All conditions precedent to Plaintiff's entitlement to relief under this cause of action have been fulfilled and satisfied.

5.5   Plaintiff's sex was a motivating factor in the decision of Defendants to terminate Plaintiff during parental leave after adoption of newborn. Defendants otherwise willfully, knowingly, and intentionally discriminated and retaliated against Plaintiff on the basis of her sex in her termination during parental leave after adoption. By engaging in such conduct, Defendants violated, and continues to violate § 703(a)(1) of Title VII of the Civil Rights Act ("Title VII") and the OADA, which makes it an unlawful employment practice for an employer to discharge or retaliate against any individual because of sex.

5.6   Defendants engaged in the conduct alleged under this Court with malice and reckless indifference to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. § 1981a.

5.7   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment with Defendants and the loss of compensation, including bonuses and

employee benefits, and promotions she would have received as an employee of Defendants had she not been discharged in violation of Title VII and OADA.

5.8   As a direct and proximate cause of Defendants' violation of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### COUNT II:  FMLA
### (Interference, Restraint or Denial of FMLA rights)
### (Retaliation for Requesting FMLA leave)

6.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.8 of this Original Complaint.

6.2   Plaintiff worked for Defendants at least twelve months and Defendants have continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. § 2611(2).

6.3   All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

6.4   Plaintiff is entitled to take leave under the FMLA for and after placement of her son or daughter for adoption.  29 C.F.R. § 825.121.

6.5   At all times material to this action, Defendants have retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by;

    a.   failing to designate or give notice of designation of her leave due to adoption of her child under the FMLA [29 C.F.R. § 825.300(b) and (d)(1);

    b.      failing to advise Plaintiff of eligibility of FMLA leave for care and bonding of her newborn adopted child;

    b.      terminating Plaintiff during approved leave for her adopted newborn.

6.6 As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has been damaged by the loss of her employment with Defendants and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendants had her rights under the FMLA not been interfered, restrained or denied or been retaliated for her attempted exercise of FMLA rights.

## PRAYER FOR RELIEF

Plaintiff prays for and demands the following relief:

1. A judgment that Defendants have engaged in all of the conduct alleged in this Complaint, and that Defendants have, by engaging in such conduct, violated Title VII, OADA and FMLA.

2. A judgment against Defendants awarding Plaintiff an amount equal to the back pay, including bonuses and benefits, she would have received from her termination through the date of judgment, had she not been terminated by Defendants.

3. An order reinstating Plaintiff to the position, seniority and level of compensation, including bonuses and benefits, she would have enjoyed had her employment with Defendants not been terminated, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary,

8

bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendants had she not been terminated by Defendants.

4. A judgment against Defendants awarding Plaintiff compensatory damages in an amount to be established at trial.

5. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii) and the OADA.

6. A judgment against Defendants awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

7. A judgment against Defendants awarding Plaintiff exemplary damages in an amount sufficient to punish and make an example of Defendants for its violation of Title VII.

8. A judgment against Defendants awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
OBA # 17210

        The Offices at Deep Fork Creek
        5613 N. Classen Blvd.
        Oklahoma City, OK  73118
        Telephone:  (405) 286-1600
        Facsimile:   (405) 842-6132

        ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims.

        s/ Jeff Taylor
        Jeff A. Taylor